IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Robin Prince, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   1:19-cv-4769 |
| Global Credit & Collection Corp., a Delaware limited liability company, LVNV Funding, LLC, a Delaware limited liability Company and Resurgent Capital Services, LP, a Delaware limited partnership, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | Jury Demanded |

## CLASS ACTION COMPLAINT

Plaintiff, Robin Prince, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendants' form debt collection letter violated the FDCPA, and to recover damages for those violations and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.      Venue is proper in this District because: a) the acts and transactions emanated from here; b) Defendant Global resides here; and c) all Defendants transact business here.

## PARTIES

3.      Plaintiff, Robin Prince ("Prince"), is a citizen of the State of Alabama, from

whom Defendants attempted to collect a defaulted consumer debt, which she allegedly owed for a Credit One credit card account.

4. Defendant, Global Credit & Collection Corp. ("Global"), is a Delaware corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. From its offices in Chicago, Illinois, Defendant Global operates a nationwide debt collection business and attempts to collect defaulted debts from consumers in virtually every state. In fact, Defendant Global was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts that it did not originate. Defendant LVNV operates a nationwide defaulted debt collection business and attempts to collect, directly or indirectly, defaulted debts from consumers in virtually every state. In fact, Defendant LVNV was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

6. Defendant, Resurgent Capital Services, LP, ("Resurgent"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Resurgent operates a nationwide defaulted debt collection business, and attempts to collect debts, directly or indirectly, from consumers in virtually every state. In fact, Defendant Resurgent was

acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debt Defendants attempted to collect from Plaintiff.

7. Defendant LVNV is a bad debt buyer that obtains/buys large portfolios of defaulted consumer debts for pennies on the dollar. LVNV has no employees and acts through its sister company, Defendant Resurgent, which directs and controls LVNV. Resurgent collects debts owed to LVNV on its own accord, as well as hires other collection agencies to collect debts owed to LVNV.

8. Defendant LVNV's principal, if not sole, business purpose is the collection of defaulted consumer debts originated by others. In fact, 99% of LVNV's revenue comes from collection upon such debts.

9. Defendants Global, LVNV and Resurgent are each authorized to conduct business in Illinois, and maintain registered agents here, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, Defendants conduct extensive business in Illinois.

10. Defendants Global, LVNV and Resurgent each act as debt collection agencies in the State of Illinois.

## FACTUAL ALLEGATIONS

11. More than six years ago, Ms. Prince fell behind on paying her bills, including a debt she allegedly owed for a Credit One Bank credit card. On July 24, 2018, Defendant Global sent Ms. Prince an initial collection letter demanding payment of this debt. This collection letter stated that the "Original Creditor" was "Credit One Bank, N.A.", then stated that the "Current Creditor" was "LVNV Funding, LLC". The letter then went on to state "Your delinquent Credit One Bank, N.A. account has been

placed with our company for collections", and later warned that the "current account owner" was going to credit report the debt, A copy of this letter is attached as Exhibit B

12. Moreover, Defendants' collection letter included a second page entitled "PRIVACY NOTICE", which in addition to LVNV, listed another ten entities as somehow involved with the debt. An example of this Privacy Notice is attached Exhibit C.

13. Defendants' letter failed to explain what, if any, the difference was between the "current" and "original" creditor, the account "owner" or what the role was of the other ten entities. Plaintiff is informed through counsel that Defendant LVNV likely bought the debt at issue after default, and that Defendant Global was representing only LVNV.

14. A simple statement that Global represented LVNV or that LVNV had bought the debt and was the current account owner would have helped to identify effectively the name of creditor to whom the debt was then owed.

15. Additionally, this letter further stated:

* * *

> The law limits how long you can be sued on a debt. Because of the age of your debt, LVNV Funding LLC will not sue you for it, and LVNV Funding LLC will not report it to any credit reporting agency.
>
> Please note that a negative credit bureau report reflecting on your credit report may be submitted to a credit reporting agency …

* * *

See, Exhibit B.

16. Defendants' letter, however, failed to state that Global and the other listed entities could not sue, nor warn that a payment could restart the statute of limitations. Moreover, by stating that LVNV "will not" sue, rather than it "cannot" sue, Defendants

4

implied that LVNV (or one of the many listed entities) could still sue and that LVNV was simply choosing not to do so.

17. Moreover, by saying that LVNV would not credit report and then stating that the 'account owner" may credit report, Defendants' letter left any recipient of it confused as to what could happen regarding credit reporting. This gibberish rendered ineffective any attempt to warn consumers about the statute of limitations for credit reporting or for lawsuits.

18. In fact, none of Defendants, nor any of the other listed entities, could sue or credit report to collect the debt at issue because the debt was time-barred by the statute of limitations.

19. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012). Moreover, the identification of the creditor to whom a debt is owed is such a factor because, amongst other things, it is a factor for a consumer in determining whether an attempt to collect a debt is fraudulent, see, Janetos v. Fulton, Friedman & Gullace, 825 F.3rd 317, 324-325 (7th Cir. 2016).

20. Defendants' letter left Ms. Prince, as well as any other reader of the letter, confused as to whom she owed the debt and whether or not she could be sued, or credit reported for the debt.

21. Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

22. Defendants' collection communications are to be interpreted under the

"unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure To Identify Effectively The Current Creditor

23. Plaintiff adopts and realleges ¶¶ 1-22.

24. Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide Ms. Prince with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

25. Defendants' form collection letter -- by identifying Credit One Bank, N.A. as the "original creditor" and LVNV as the "current creditor", then referring to the debt as a "Credit One Bank, N.A. account", referring to an unidentified "account owner" and listing ten other entities as somehow involved with the debt -- failed to identify effectively the current creditor to whom the debt was owed, in violation of § 1692g(a)(2) of the FDCPA, see, Janetos, 825 F.3rd at 321-23; see also, Taylor v. Alltran Financial, 2018 U.S.Dist.LEXIS 159862 at [*6]-[*10](S.D.Ind. 2018); Long v. Fenton & McGarvey Law Firm, 223 F. Supp. 3d 773, 778-79 (S.D. Ind. 2016); Pardo v. Allied Interstate, 2015 U.S. Dist. LEXIS 125526 at [*7]-[*9](S.D. Ind. 2015); Deschaine v. National Enterprise Systems, 2013 U.S. Dist. LEXIS 31349 at [*3](N.D. Ill. Mar. 7, 2013); Walls v. United Collection Bureau, 2012 U.S. Dist. LEXIS 68079 at [*4]-[*6](N.D. Ill. 2012); and Braatz v. Leading Edge Recovery Solutions, 2011 U.S. Dist. LEXIS 123118 at [*3]-[*4](N.D. Ill. 2011).

26. Defendants' violation of § 1692g of the FDCPA renders them liable for

statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive Or Misleading Collection Actions

27. Plaintiff adopts and realleges ¶¶ 1-22.

28. Section 1692e of the FDCPA prohibits a debt collector from using any false and/or any deceptive or misleading representation or means in connection with the collection of a debt, including, but not limited to, the false representation of the character, amount or legal status of any debt, see 15 U.S.C. § 1692e(2)(A). Moreover, debt collectors are barred from threatening to take any action that the collector cannot legally take, see, 15 U.S.C. § 1692e(5).

29. Attempts by debt collectors to collect time-barred debts via deceptive and misleading collection letters violate § 1692e of the FDCPA, see, Pantoja v. Portfolio Recovery Assocs., 852 F.3d 679, 687 (7th Cir. 2017), cert denied, 138 S.Ct 736 (U.S. 2018); and McMahon v. LVNV Funding, 744 F.3d 1010, 1020 (7th Cir. 2014); see also, Holzman v. Malcolm S. Gerald, 920 F.3d 1264, 1270-1273 (11th Cir. 2019); Tatis v. Allied Interstate, 882 F.3d 422, 428-430 (3rd Cir. 2018); Daugherty v. Convergent Outsourcing, 836 F.3d 507, 513 (5th Cir. 2016); and Buchanan v. Northland Group, 776 F.3d 393, 397 (6th Cir. 2015).

30. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Global or one of the other entities would not sue on the debt; b) they did not foreclose the possibility that Global or one of the other entities would not credit report the debt; c) they failed to foreclose that LVNV could not legally sue or credit

report the debt, rather than that LVNV had simply chosen not to do so; and, d) failed to warn that a payment could restart the statute of limitations.

31. Defendants' violation of § 1692e of the FDCPA renders them liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## COUNT III
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

32. Plaintiff adopts and realleges ¶¶ 1-22.

33. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

34. Although Defendants attempted to provide a disclaimer that the debt was time-barred, that disclaimer was ineffective because: a) they failed to foreclose the possibility that Global or one of the other entities would not sue on the debt; b) they did not foreclose the possibility that Global or one of the other entities could credit report the debt; c) they failed to foreclose that LVNV could not legally sue or credit report the debt, rather than that LVNV had simply chosen not to do so; and, d) failed to warn that a payment could restart the statute of limitations.

35. Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, and attorneys' fees and costs, see, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

36. Plaintiff, Robin Prince, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Alabama from whom

Defendants attempted to collect a defaulted consumer debt allegedly owed for a Credit One credit card account, via the same form collection letter (Exhibits B and C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' form letter violates the FDCPA and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

37. Defendants regularly engage in debt collection, using the same form collection letter they sent Plaintiff Prince, in their attempts to collect defaulted consumer debts from other consumers.

38. The Class consists of more than 35 persons from whom Defendants attempted to collect defaulted consumer debts by sending other consumers the same form collection letter they sent Plaintiff Prince.

39. Plaintiff Prince's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class. This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

40. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

41. Plaintiff Prince will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Prince has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Robin Prince, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Prince as Class Representative of the Class, and her attorneys as Class Counsel;

3. Find that Defendants' form collection letter violates the FDCPA;

4. Enter judgment in favor of Plaintiff Prince and the Class, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Robin Prince, individually and on behalf of all others similarly situated, demands trial by jury.

                                            Robin Prince, individually and on
                                            behalf of all others similarly situated,

                                            By: /s/ David J. Philipps_____
                                            One of Plaintiff's Attorneys

Dated:  July 16, 2019

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com

Bradford W. Botes   (AL Bar No. ASB-1379043B)
Bond, Botes, Reese & Shinn, P.C.
15 Southlake Lane
Suite 140
Birmingham, Alabama 35244
(205) 802-2200
(205) 870-3698 (FAX)
bbotes@bondnbotes.com

11