UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ROBIN PRINCE, individually and on behalf of all others similarly situated, | ) ) ) | No. 19 CV 4769 |
| Plaintiff, | ) ) | |
| v. | ) ) | Magistrate Judge Young B. Kim |
| GLOBAL CREDIT & COLLECTION CORP., a Delaware limited liability company, | ) ) ) ) ) | |
| Defendant. | ) ) | February 10, 2020 |

### ORDER GRANTING PRELIMINARY APPROVAL OF CLASS SETTLEMENT

This cause comes before the Court on the Joint Motion of Class Representative Robin Prince and Defendant Global Credit & Collection Corp., a Delaware limited liability company ("Defendant"), for Preliminary Approval of the Class Action Settlement Agreement, due notice having been given, and the Court being fully advised in the premises, THE COURT HEREBY FINDS THAT:

1. The parties have entered into a Class Action Settlement Agreement ("Agreement") dated December 6, 2019.

2. The Agreement has been submitted to the Court for preliminary approval pursuant to Federal Rule of Civil Procedure 23.

3. The Amended Complaint in this action alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

4. Defendant denies that it has any liability to Plaintiff or the Class whatsoever, and further denies that its actions violated the FDCPA in any manner.

5. The Amended Complaint sought recovery of statutory damages pursuant to Section 1692k of the FDCPA. Under Section 1692k, the maximum statutory damages recoverable by Plaintiff is $1,000 and the statutory damages recoverable by the Class against Defendant is the lesser of 1% of a debt collector's net worth, up to a maximum of $500,000. In this case, 1% of Defendant's net worth is about $51,000.

6. The Agreement calls for Defendant to:

(a) change the form of the collection letter at issue;

(b) pay $1,000 to Plaintiff Robin Prince;

(c) pay $37,500 to the class members, which will be distributed pro-rata to each of the class members who does not exclude themselves from this action and who returns a claim form. The amount due the class should be distributed as follows: (i) within 45 days after final approval, Class Counsel shall send a check for their share of the settlement fund, to each Class Member who does not exclude themselves and who returns a claim form; and (ii) any portion of the Class Settlement Fund that is unclaimed by the Class, because the settlement check remains uncashed 60 days after distribution or because any funds otherwise remain after the distribution was calculated, shall be paid to Alabama Legal Services, as a *cy pres* remedy;

(d) pay Class Counsel $1,500 for the costs of sending notice to the class, claim processing and distribution of the settlement fund; and,

(e) pay Class Counsel $32,500 for their reasonable attorneys' fees and costs in this action, which amount will be sought through a fee petition. Defendant agrees not to challenge Plaintiff's position that Plaintiff and the Class are the prevailing parties and thus are entitled to recover their reasonable attorneys' fees and costs as provided for by Section 1692k(a)(3) of the FDCPA.

7. The Court also finds that above amounts are fair, adequate and reasonable because, among others, Plaintiff and the Class are receiving, and Defendant is paying, a sufficient amount of statutory damages under the FDCPA.

8. This Court hereby certifies a settlement class in this matter, pursuant to Federal Rule of Civil Procedure 23(b)(3), of all persons similarly situated in the State of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that was allegedly owed for a Credit One/LVNV Funding account, through the same form collection letter that Defendant sent to Plaintiff (Complaint Exhibits B and C), from July 16, 2018, to the present. Moreover, Plaintiff Robin Prince is appointed as representative of the Class and her attorneys, David J. Philipps, Mary E. Philipps, and Angie K. Robertson of Philipps & Philipps, Ltd., and Bradford W. Botes of Bond, Botes, Reese & Shinn, P.C., are appointed as Class Counsel.

9. Class Counsel is to send out the Class Notice and distribute the settlement fund to the Class. Defendant is also to pay Class Counsel $32,500 for their attorneys' fees and costs in this matter, pursuant to the terms of the Agreement, and Class Counsel will submit a motion, including their time records, requesting an award in this amount. Moreover, Defendant is to pay Class Counsel

$1,500 for the costs of class notice and claims administration, pursuant to the terms of the Agreement.

10.     The Court hereby approves the sending by Class Counsel, within 14 days of this Order, the Class Notice in the form attached as Exhibit 2 to the Joint Motion for Preliminary Approval of the Settlement Agreement to each Class Member at their last known address.

11.     The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all parties and preliminarily finds that the terms of the Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class.  In addition to the other facts stated herein, the Court finds the Agreement to be particularly fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

In light of these findings, IT IS HEREBY ORDERED THAT:

12.     The above class is hereby certified, pursuant to Federal Rule of Civil Procedure 23(b)(3) consisting of all persons similarly situated in the State of Alabama, from whom Defendant attempted to collect a defaulted consumer debt that was allegedly owed a Credit One/LVNV funding account, through the same form collection letter that Defendant sent to Plaintiff (Complaint Exhibits B and C), from July 16, 2018 to the present.

13.     Plaintiff Robin Prince is appointed as representative of the Class, and her attorneys, David J. Philipps, Mary E. Philipps, and Angie K. Robertson of

4

Philipps & Philipps, Ltd. and Bradford W. Botes of Bond, Botes, Reese & Shinn, P.C., are appointed as Counsel for the Class.

14. The Agreement dated December 6, 2019, is hereby granted preliminary approval.

15. Class Counsel shall send out the Class Notice to each Class Member by February 24, 2020.

16. Defendant, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act will notify the appropriate Federal and State regulatory authorities of this proposed Agreement within ten days of the filing of the motion to approve the Agreement and shall file with the Court verification of Defendant's compliance with 28 U.S.C. § 1715(b).

17. Notice, in the form attached as Exhibit 2 to the Joint Motion, shall be sent by Class Counsel to all Class Members at their last known addresses who shall have until April 10, 2020, to opt out, to present any objections to the Agreement, or to submit a claim.

18. The parties shall present the Agreement for final approval on May 14, 2020, at 11:00 a.m.

**ENTER:**

_____
**Young B. Kim**
**United States Magistrate Judge**

5